**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KELVIN O. MENSAH, ) | |
| Petitioner, ) | |
| ) | Civil No. 26-32 |
| v. ) | |
| ) | |
| LEONARD ODDO, et. al., ) | |
| Respondents. ) | |

<u>**MEMORANDUM OPINION**</u>

Pending now before the court is a pro se Petition for Writ of Habeas Corpus (ECF No. 1)

filed bo Kelvin O. Mensah ("Mensah").  Leonard Oddo, et.al. (collectively, "Respondents") filed

a status report (ECF No. 13); and a response in opposition (ECF No. 14).  The petition is ripe for

decision.

Mensah, a citizen of Ghana, asserts three grounds for relief:  (1) he is subject to

discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under §

1226(c) and, therefore, he is entitled to immediate release or an individualized bond hearing; (2)

he qualifies for relief under Immigration and Naturalization Act § 240A(b) because he was

physically present in the United States for not less than 10 years; and (3) he qualifies for

cancellation of removal and asylum withholding under the Convention Against Torture (ECF

No. 1 at 6).

The government agrees that Mensah is being held pursuant to discretionary detention

authority under § 1226(a), not mandatory detention (ECF No. 14 at 2-3).  The government

reports that Mensah was arrested on February 6, 2025, and charged with Cruelty toward Child, a

felony charge that remains pending (ECF No. 14-2).  The government reports that Mensah has

had three bond hearings before an immigration judge.  On March 5, 2025, the immigration judge denied bond because he found Mensah was a "Danger to the community."  (ECF No. 13-1 at 4). On April 11, 2025, and May 8, 2025, the immigration judge adhered to that determination and denied Petitioner's requests for new bond hearings (ECF Nos. 13-2, 13-3).  On November 24, 2025, the immigration judge ordered Mensah to be deported to Ghana.  The government maintains that Mensah is not entitled to another bond hearing.

Mensah acknowledges that he filed an appeal with the Board of Immigration Appeals ("BIA"), including the issue of his detention under § 1226 (ECF No. 1 at 2, 4-5), and that appeal remains pending (ECF No. 13-5).  Mensah asserts he is not a danger to the community.

In *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018), the court denied a similar request from a petitioner being held in discretionary detention under § 1226(a).  The immigration judge denied Borbot's initial request for bond, finding that he posed a risk of danger based on criminal charges filed in Russia, and denied reconsideration.  *Id.* at 276.  The court of appeals upheld the district court's denial of Borbot's petition without a hearing and cited 8 U.S.C. § 1226(e), which provides in relevant part: "[t]he Attorney General's discretionary judgment regarding [bond hearings for aliens in removal proceedings] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."  *Id.* at 279.  The court explained:  "Borbot's habeas petition seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received. This comes close to asking this Court to directly review the IJ's bond decision, a task Congress

has expressly forbidden us from undertaking." *Id.*  The same result is appropriate here.  The request by Mensah for another bond hearing will be denied.[1]

An appropriate Order will be entered.


Dated:  April 15, 2026                                    BY THE COURT:

                                                          /s/ Joy Flowers Conti
                                                          Joy Flowers Conti
                                                          Senior United States District Court Judge


cc:      Kelvin O. Mensah
         A077 635 425
         FCI Lewisburg
         2400 Robert F. Miller Drive
         Lewisburg, PA 17837
         *(via first-class mail)*

---

[1] The other grounds for relief requested in Mensah's petition are premature, given the pendency of his appeal to the Board of Immigration Appeals and this court would likely lack jurisdiction to review that decision.  *See* 8 U.S.C. § 1252(a)(5) (sole and exclusive means for judicial review is generally the appropriate court of appeals).

3